UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERT DALY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP ATWATER, et al.,<br><br>    Respondents. | 1:13-cv-00958 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

      Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his 2009 conviction in the United States District Court for the District of Wyoming for violation of 18 U.S.C. § 922(g)(1). He was sentenced to 65 years imprisonment to be served consecutively to certain state sentences. Petitioner states he sought administrative relief with the Bureau of Prisons but his requests were rejected. He states he then filed a motion pursuant to 28

U.S.C. § 2255 in the United States District Court for the District of Wyoming.  The § 2255 motion was dismissed as time-barred.

Petitioner filed the instant petition for writ of habeas corpus on June 24, 2013.  Petitioner presents the following five claims for relief:

> (1) the District Court failed to properly apply the Sentencing Guidelines; (2) that Counsel was ineffective for failing to argue that the Guidelines required a concurrent sentence; (3) that the prosecution misled the District Court regarding its authority to impose a concurrent sentence; (4) that the District Court erred in failing to credit his time already spent in state custody toward his sentence; and (5) that Counsel was ineffective for failing to seek an award of such credit.

(See Petition at 10-11.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).  "The general rule is that a motion under 28

U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

As Petitioner acknowledges, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence as imposed by the United States District Court for the District of Wyoming, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Wyoming, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues he should be allowed to pass through the savings clause because his prior § 2255 motion was dismissed as time-barred.  The argument is unavailing.  As noted above, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because the remedy under that section is procedurally barred.  Aronson, 85 S.Ct. at 5.  In addition, Petitioner makes no showing that he was precluded from presenting his claims in a timely manner.  Therefore,

1  Petitioner fails to show that he has never had an unobstructed procedural opportunity to present his
2  claims.
3       Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause
4  of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth
5  Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the
6  standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614
7  (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual
8  innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that
9  no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks
10 omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he
11 must show not just that the evidence against him was weak, but that it was so weak that "no reasonable
12 juror" would have convicted him.  Lorentsen, 223 F.3d at 954.  In this case, Petitioner does not assert
13 that he is factually innocent of the crime for which he was convicted.  Rather, he takes issue with his
14 sentence.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of the
15 crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060;
16 Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he
17 is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS
18 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a
19 portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege
20 that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."),
21 *adopted by* Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007).
22 Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using
23 Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen,
24 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to
25 Section 2241 when relief is not available under Section 2255 because the petitioner had not shown
26 actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied
27 the requirement of not having had an "unobstructed procedural shot" at presenting his instructional
28 error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy

the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>>    (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 2, 2013**                                **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE